# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR SROF-2013-S3 REMIC TRUST 1,<br><br>Plaintiff(s),<br><br>vs.<br><br>PREMIER ONE HOLDINGS, INC., et al.,<br><br>Defendant(s). | Case No. 2:15-cv-01121-JCM-NJK<br><br>ORDER<br><br>(Docket No. 47) |

Pending before the Court is Plaintiff's motion for an order enlarging time for service of process and granting leave for service by publication. Docket No. 47. For the reasons discussed below, the Court hereby **DENIES** Plaintiff's motion.

Pursuant to Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Court must extend the 120-day Rule 4(m) deadline if the serving party shows good cause for failure to serve within 120 days. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). If the serving party does not show good cause, the Court has discretion to extend time for service or to dismiss

the complaint without prejudice. *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). The Court's discretion to extend time for service or to dismiss without prejudice for failure to timely serve is broad. *Id*. The Court may extend time for service even after the 120-day period expires. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

When a defendant is not timely served, the serving party bears the burden of demonstrating good cause for the delay. Fed.R.Civ.P. 4(m); *see also Boudette v. Barnette*, 923 F.2d 754, 755–56 (9th Cir. 1991). Courts must determine on a case-by-case basis whether the serving party has shown good cause. *In re Sheehan*, 253 F.3d at 512. Generally, good cause is equated with diligence. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). A showing of good cause requires more than inadvertence or mistake of counsel. *Id*. "[A]t a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d at 512 (quotation omitted).

Here, Plaintiff filed its Complaint on June 15, 2015. Docket No. 1. On October 13, 2015, the Rule 4(m) deadline expired without Plaintiff having moved to extend it. *See* Docket. Between October 14 and 27, 2015, Plaintiff unsuccessfully attempted to serve Defendant Ryan Hayes four times at what it believed was Defendant Hayes' last-known address. Docket No. 47-1 at 6. On November 18, 2015, Plaintiff incorrectly served a non-party also named Ryan Hayes. *Id*. at 8. Sometime thereafter, Plaintiff conducted a skip trace and located another address that it believes is Defendant Hayes' current address. When it tried to serve him there, however, it learned the address is an apartment complex and the skip trace did not include an apartment number. *Id*. at 2. On January 20, 2016, Plaintiff contacted the apartment complex's management to determine Defendant Hayes' apartment number. *Id.* at 10. To date, Plaintiff represents it has not received that information. *Id*. at 2.

The Court finds that Plaintiff has failed to demonstrate it was diligent in attempting to serve Defendant Hayes. Although Plaintiff describes in detail the efforts it took related to service of Defendant Hayes, all these efforts took place after the Rule 4(m) deadline expired. Plaintiff offers no explanation as to why it did not move to extend the Rule 4(m) deadline before it expired. *Panliant Fin. Corp. v. ISEE3D, Inc.*, 2015 WL 273578, at *3 (D. Nev. Jan. 16, 2015) (finding failure to offer an "explanation as to why they did not move to extend the service deadline" undermined Plaintiffs' claims of diligence). Further, Plaintiff fails to explain how it diligently attempted to effectuate service on

Defendant Hayes between June 15, 2015, and October 13, 2015, or why it waited until after the Rule 4(m) deadline to attempt service of Defendant Hayes.  Finally, Plaintiff does not address why it waited until February 18, 2016, to file the instant motion seeking an extension of the Rule 4(m) deadline and requesting leave to serve by publication.

Accordingly, the Court **DENIES** Plaintiff's motion without prejudice.  Any renewed motion must address the Court's concerns, and must be filed no later than February 25, 2016.

IT IS SO ORDERED.

DATED: February 18, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge