**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, ) | |
| ) | Case No. 2:15-cv-01121-JCM-NJK |
| Plaintiff(s), ) | |
| ) | ORDER |
| ) | |
| vs. ) | |
| ) | (Docket No. 88) |
| PREMIER ONE HOLDINGS, ) | |
| ) | |
| ) | |
| Defendant(s). ) | |
| _____) | |

Pending before the Court is Defendant Premier One Holdings' Motion to Stay. Docket No. 88. Plaintiff filed a response in opposition. Docket No. 89. Defendant filed a reply. Docket No. 90. The Court finds this motion properly resolved without oral argument. *See* Local Rule 78-1. For the reasons set forth herein, the motion to stay is hereby **GRANTED**.

**I.     BACKGROUND**

This is one of many cases involving the effect of a non-judicial foreclosure sale conducted by a homeowners' association ("HOA") after the prior owner failed to pay HOA assessments. The Nevada Supreme Court initially held that "NRS 116.3116(2) gives an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust." *SFR Inv. Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014). Later, two members of a Ninth Circuit panel reached a much different result, holding that Chapter 116's non-judicial foreclosure

scheme was unconstitutional before it was amended in 2015. *Bourne Valley Ct. Trust v. Wells Fargo Bank*, 2016 WL 4254983, at *1 n.1, *4 n.4 (9th Cir. Aug. 12, 2016). Counsel for Bourne Valley has filed a petition for rehearing *en banc*. Docket No. 89 at 3. Defendant seeks to stay this case pending the Ninth Circuit's ultimate mandate in *Bourne Valley*, as it will substantially affect the outcome of this case.

## II.   DISCUSSION

Courts have inherent power to stay the cases before them as a matter of controlling their own dockets and calendars. See *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936).[1] This power to stay is "incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* at 254. The movant bears the burden of showing that a stay is warranted. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997).

The Ninth Circuit has outlined various factors a court should consider in exercising its discretion:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

Defendant submits that (1) granting a stay would cause minimal damage; (2) both parties would suffer financial hardship if required to move forward prior to the issuance of the mandate in *Bourne Valley*; and (3) granting a stay would conserve judicial resources and allow both

---

[1] A magistrate judge is authorized to determine motions to stay proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) as long as the resulting order does not effectively deny the ultimate relief sought in the case. *S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013); *see also PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 13-14 (1st Cir. 2010). Since the decision issued herein does not result in the denial of the ultimate relief sought in this case, the undersigned has the authority to determine the pending motion to stay.

parties to present arguments based on complete and resolved precedent. Docket No. 88 at 4-5. Plaintiff responds that (1) granting a stay would cause more than minimal damage because it would lengthen a case that has been pending for more than a year; (2) Defendant fails to adequately explain what hardship it would suffer if the Court denied a stay; and (3) the Ninth Circuit has already decided issues currently before the Court, and therefore granting a stay would not simplify the issues or contribute to the orderly course of justice. Docket No. 89 at 5-7.

### A.   Possible Damage from Granting a Stay

The Court agrees with Defendant that the possible damage is minimal. At worst, a stay might lengthen the case. Nonetheless, any rehearing would likely necessitate new briefing, which would also cause delays. Granting a stay therefore poses a low risk of damage.

It is also important to note that a stay is likely to be fairly short. Counsel for Bourne Valley has already filed a petition for rehearing *en banc*. Docket No. 89 at 3. Absent court order, the mandate must issue seven days after the petition is resolved. *See* Fed. R. App. P. 35(c), 40(a)(1). The length of a stay is directly tied to the Ninth Circuit's issuance of its mandate and is not indefinite.

### B.   Hardship or Inequity in Being Required to Move Forward

The Court finds that both parties would face hardship if required to move forward. Both parties would face the risk of having to needlessly expend additional resources if the Ninth Circuit rehears the case and issues a contrary opinion. A stay removes this hardship.

### C.   Orderly Course of Justice

The key issue in this case is whether the HOA foreclosure sale extinguished the deed of trust. As Plaintiff notes, the *Bourne Valley* opinion is dispositive of the parties' dispute. Docket No. 89 at 5. However, a real possibility exists that a new or modified opinion could issue, which would also be dispositive of all or at least part of the parties' dispute. Staying the case will allow the Court to evaluate the parties' arguments under complete and resolved precedent. A stay will simplify the process and will conserve the parties' and the Court's resources.

Accordingly, the Court hereby **GRANTS** Defendant's Motion to Stay, Docket No. 88. Within 14 days of the issuance of the mandate in *Bourne Valley Court Trust v. Wells Fargo*

*Bank*, case number 15-15233, the parties shall move to lift the stay.  The Court further **ORDERS** that all pending motions are denied without prejudice.  The parties may re-file any motions 14 days after the stay is lifted.

IT IS SO ORDERED.

DATED:   October 4, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge