UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| US BANK NATIONAL ASSOC., AS TRUSTEE FOR SRPF-2013-S3 REMIC TRUST 1, | Case No. 2:15-CV-1121 JCM (NJK) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| PREMIER ONE HOLDINGS, INC., et al., | |
| Defendant(s). | |

Presently before the court is plaintiff U.S. Bank, N.A.'s ("U.S. Bank") motion for summary judgment. (ECF No. 97). Defendant Premier One Holdings, Inc.'s ("Premier") filed a response (ECF No. 103), to which plaintiff replied (ECF No. 101).

Also before the court is defendant's motion for summary judgment. (ECF No. 99). Plaintiff filed a response (ECF No. 100), to which defendant replied (ECF No. 105).

**I.    Facts**

This case involves a dispute over real property located at 3151 Soaring Gulls Drive #1167, Las Vegas, Nevada, 89128 (the "property"). On May 16, 2008, defendant Ryan Hayes obtained a loan in the amount of $81,707.00 from non-party Quicken Loans, Inc., ("Quicken Loans") to purchase the property, which was secured by a deed of trust recorded on May 21, 2008. (ECF No. 1).

On June 20, 2011, beneficial interest in the deed of trust was assigned to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP. (ECF No. 102-1).

On March 17, 2014, the deed of trust was assigned to U.S. Bank via an assignment of deed of trust recorded on May 9, 2014. (ECF No. 1 at 22). Thereafter, the deed of trust was assigned

to the secretary of Housing and Urban Development ("HUD") via an assignment of deed of trust recorded on May 28, 2014.[1] (ECF No. 1 at 25). Subsequently, the deed was re-assigned to U.S. Bank from the secretary of HUD via an assignment of deed of trust recorded on June 10, 2014. (ECF No. 1 at 27).

On December 30, 2013, defendant Nevada Association Services, Inc. ("NAS"), acting on behalf of Desert Shores Community Association ("the HOA"), recorded a notice of delinquent assessment lien. (ECF No. 1 at 31). On February 20, 2014, NAS recorded a notice of default and election to sell to satisfy the delinquent assessment lien, stating an amount due of $3,583.86. (ECF No. 1 at 33).

On June 3, 2014, NAS recorded a notice of foreclosure sale, stating an amount due of $4,513.09. (ECF No. 1 at 37). On June 25, 2014, Premier purchased the property at the foreclosure sale for $7,000. (ECF No. 1 at 41). A foreclosure deed in favor of Premier was recorded on June 26, 2014. (ECF No. 1 at 41).

NAS sent copies of the foregoing notices to Bank of America and to BAC. (ECF No. 99-2). NAS also sent a copy of the foregoing notices to "U.S. Bank c/o Bank of America." *Id.* This copy was sent to an address presumably belonging to Bank of America in Plano, Texas (the same address that NAS sent Bank of America copies of the notices). *Id.* Defendant provides no evidence that NAS sent copies of the notices directly to U.S. Bank or to HUD.

On June 15, 2015, U.S. Bank filed the underlying complaint, alleging one cause of action: quiet title against all defendants. (ECF No. 1).

In the instant motions, U.S. Bank and Premier move for summary judgment in their favor. (ECF Nos. 97, 99).

**II.     Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is

---

[1] The listed execution date on the assignment is April 3, 2014. (ECF No. 1 at 25).

"to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

James C. Mahan
U.S. District Judge

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III. Discussion

As an initial matter, the court takes judicial notice of the following recorded documents:[2] first deed of trust (ECF No. 1 at 8); notice of delinquent assessment (ECF No. 1 at 31); notice of default and election to sell (ECF No. 1 at 33); notice of trustee's sale (ECF No. 1 at 37); trustee's deed upon sale (ECF No. 1 at 42); and assignments of deed of trust in favor of U.S. Bank and HUD (ECF No. 1 at 22, 25). *See, e.g.*, *United States v. Corinthian Colls.*, 655 F.3d 984, 998–99 (9th Cir. 2011) (holding that a court may take judicial notice of public records if the facts noticed are not subject to reasonable dispute); *Intri-Plex Tech., Inv. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (citations and internal quotation

---

[2] In addition to the citations here, the following documents can be found in plaintiff's request for judicial notice. (ECF No. 98).

**James C. Mahan**
**U.S. District Judge**

- 4 -

marks omitted). Therefore, for plaintiff to succeed on its quiet title action, it needs to show that its claim to the property is superior to all others. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

Plaintiff raises the following grounds in support of its motion for summary judgment and against defendant's motion: the constitutionality of NRS 116.3116 and the Ninth Circuit decision in *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016) ("*Bourne Valley*"); lack of actual notice; commercial reasonability under *Shadow Wood*; FHA insurance coverage and pre-emption; and retroactivity of *SFR*. (ECF Nos. 97, 100, 101). The court need only address plaintiff's due process argument, as the facts presented here demonstrate that the foreclosure sale violated plaintiff's due process rights.

Plaintiff argues that NRS Chapter 116 is unconstitutional under *Bourne Valley*, wherein the Ninth Circuit held that the HOA opt-in notice scheme is facially unconstitutional. (ECF No. 97 at 8–9). Plaintiff further contends that it never received actual notice of the foreclosure sale, which violated its due process rights under *Bourne Valley*. (ECF No. 101 at 6–7).

The Ninth Circuit held that NRS 116.3116's "opt-in" notice scheme, which required a HOA to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested notice, facially violated mortgage lenders' constitutional due process rights. *Bourne Valley*, 832 F.3d at 1157–58. The facially unconstitutional provision, as identified in *Bourne Valley*, exists in NRS 116.31163(2). *See id.* at 1158. At issue is the "opt-in" provision that unconstitutionally shifts the notice burden to holders of the property interest at risk. *See id.*

"A first deed of trust holder only has a constitutional grievance if he in fact did not receive reasonable notice of the sale at which his property rights was extinguished." *Wells Fargo Bank, N.A. v. Sky Vista Homeowners Ass'n*, No. 3:15-CV-00390-RCJ-VPC, 2017 WL 1364583, at *4 (D. Nev. Apr. 13, 2017). To state a procedural due process claim, a claimant must allege "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998).

Here, plaintiff alleges that neither it nor its immediate predecessor in interest, HUD, received proper notice of the foreclosure proceedings. (ECF Nos. 1, 97). NAS mailed notices related to the foreclosure proceedings. (ECF Nos. 99, 103). Defendant cites these mailings in its motion (and attaches copies of the certified mail receipts) as evidence that U.S. Bank received notice of the sale. (ECF No. 99). However, no notice was ever mailed to U.S. Bank. These notices were mailed to Bank of America, with one notice being mailed to "U.S. Bank c/o Bank of America."[3] (ECF No. 99-2) (exhibits to defendant's motion for summary judgment). Further, defendant points to no evidence that NAS provided notice to HUD, the beneficiary on the deed of trust at the time the trustee mailed the Notice of Sale.

The foregoing demonstrates that the HOA trustee did not provide plaintiff with notice of the foreclosure proceedings. And, as plaintiff notes, without notice of the foreclosure proceedings, the foreclosure sale violated plaintiff's right to due process. *See Bourne Valley*, 832 F.3d at 1157–58. The court will grant plaintiff's motion for summary judgment on its claim for quiet title.

**IV. Conclusion**

The court holds that the foreclosure sale did not extinguish plaintiff's first deed of trust, which continues to encumber the property and is superior to defendant's interest.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that U.S. Bank's motion for summary judgment (ECF No. 97) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that Premier's motion for summary judgment (ECF No. 99) be, and the same hereby is, DENIED.

. . .

. . .

---

[3] As plaintiff notes in response to defendant's motion for summary judgment, the fact that NAS mailed a notice to "U.S. Bank c/o Bank of America" demonstrates that NAS knew of U.S. Bank's interest at the time it mailed the notices. (ECF No. 100). Plaintiff's response and reply also state that the assignments to HUD and U.S. Bank were noted in NAS's records, but plaintiff's references in support cite exhibits that are not attached to either filing. *Id.*

IT IS FURTHER ORDERED that plaintiff shall prepare a proposed judgment consistent with this order and submit it to the court within thirty (30) days of the filing of this order.

DATED January 31, 2018.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**